United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2022
Nathan Ochsner, Clerk

|  |  |
|---|---|
| Kassandra Deary, § § Plaintiff, § § versus § § Michael Jarrell Hines, *et al.*, § § Defendants. § | Civil Action H-22-3214 |

## Opinion on Remand

Kassandra Deary has moved to remand, arguing no federal question jurisdiction exists or, alternatively, that Harris County's removal was improper because the other defendants did not consent to removal. Because Deary served her state-court complaint and summons on RCI Hospitality, Inc. and DMB Dining Services, Inc. prior to Harris County's removal, RCI and DMB were required to consent to removal within 30 days of being served. They failed to do so. As a result, Harris County's removal was procedurally defective, and the jurisdictional arguments need not be reached. The lawsuit will be remanded to the 55th Judicial District Court in Harris County, Texas.

### I.

As a general rule in a multi-defendant case, the decision to remove a case to federal court must be unanimous.[1] All properly served defendants must either join in the removal to federal court or must file written consent to the removal; defendants who have not been served by the time of removal are not required to

---

[1] *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988).

join or consent to the removal.[2] To establish consent, "there must be some timely filed written indication from each served defendant . . . that it has actually consented to removal."[3] This "written indication" is timely if it is filed within the statutory removal period.[4] In a multi-defendant case, each defendant has thirty days "after receipt by or service on that defendant of the initial pleading or summons" to file the notice of removal.[5]

"A motion to remand the case on the basis of any defect in removal procedure needs to be made within 30 days after the filing of the notice of removal."[6] A defect in the procedure for removal, if timely asserted within 30 days, may be grounds for remand to state court; if the plaintiff fails to assert a procedural defect in a timely motion to remand, it is waived.[7] The failure of all defendants to join in or consent to the removal petition within 30 days of service is not a jurisdictional defect[8] and, therefore, must be raised within 30 days.

---

[2] See id. at 1262 & n.9; see also Jones v. Houston Indep. Sch. Dist., 979 F.2d 1004, 1007 (5th Cir. 1992); 28 U.S.C. § 1446(b)(2)(A).

[3] Getty Oil, 841 F.2d at 1262 n.11. Relevant portions of the removal statute (section 1446) were amended by the Federal Courts Jurisdiction and Venue Clarification Act (FCJVCA), PUB. L. NO. 112-63, 125 STAT. 758. However, the unanimity of consent requirement set forth in Getty Oil has not been displaced.

[4] Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002); accord Ortiz v. Young, 431 F. App'x 306, 307 (5th Cir. 2011).

[5] 28 U.S.C. § 1446(b)(2)(B). The FCJVCA took effect on January 6, 2012. See PUB. L. NO. 112-63, 125 STAT. 758. It codified the last-served defendant rule and displaced the first-served defendant rule this Circuit had traditionally applied. See Andrews v. Miss. Farm Bureau Cas. Ins. Co., 187 F. Supp. 3d 749, 755 (S.D. Miss. 2016). Under the first-served defendant rule, all defendants had to consent to removal within thirty days of the date the *first* defendant was served. See Getty Oil, 841 F.2d at 1263.

[6] 28 U.S.C. § 1447(c)

[7] See, e.g., Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1545–46 (5th Cir. 1991).

[8] Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990).

*II.*

Deary timely moved to remand on the basis of a procedural defect, filing her motion to remand exactly 30 days after Harris County removed the case.[9] Deary complains that removal was procedurally defective because the other defendants (RCI, DMB, and Michael Jarell Hines) did not join in Harris County's removal and did not file consents to removal within thirty days.[10] In response, Harris County argues that RCI, DMB, and Hines were not required to join in the removal because, at the time of removal, there was no indication that they had been served.[11]

The Texas rules require that the citation, once served upon the appropriate defendant, be returned to the court, but the Texas rules do not require that defendants be otherwise notified of service of process upon other defendants.[12] Harris County removed the case on September 20, 2022, six days after being served Dreary's original petition.[13] At the time of removal, Deary had not filed returns of citation for any other defendant.[14] Although it is now apparent that DMB and RCI had been served at the time of removal, the affidavits of service were not filed with the state court until three and fifteen days, respectively, after removal.[15] Moreover, it is unclear whether Hines was served

---

[9] *Compare* [Doc. 1] (Sept. 20, 2022 removal), *with* [Doc. 9] (Oct. 20, 2022 motion to remand).

[10] *See* [Doc. 9].

[11] *See* [Doc. 15] at 4–8.

[12] *See* Tex. R. Civ. Proc. 105, 107.

[13] *See generally* [Doc. 1].

[14] [Doc. 1-1] at 3; *see also* [Doc. 9-1] (affidavit of Sept. 13, 2022 service on DMB filed with Harris County District Clerk on Sept. 23, 2022); [Doc. 9-2] (affidavit of Sept. 20, 2022 service on Hines filed with Harris County District Clerk on Sept. 28, 2022); [Doc. 15-4] (affidavit of Sept. 19, 2022 service on RCI filed with Harris County District Clerk on October 5, 2022).

[15] [Doc. 9-1] (DMB); [Doc. 15-4] (Hines).

before or after removal, as both occurred on the same date, and the affidavit of service does not state a time of service.[16] Each of the returns of service was, however, filed within thirty days of service, the consent deadline.[17]

This case presents a question that is not unique but that, nevertheless, has not been addressed by the Circuit. The Circuit has made clear that defendants who have not been served at the time of removal need not consent to removal.[18] The pertinent question before this Court is whether a distinction should be made between the defendants who have actually been served prior to the filing of the notice or petition for removal and those defendants whose return of service was filed with the state court prior to the removal.[19]

Harris County urges the Court to adopt the rule set forth by the Western District of Texas in 1992 in *Milstead Supply Co. v. Casualty Insurance Company*,[20] holding that joinder in or consent to the removal petition must be accomplished by only those defendants: (1) who have been served; and, (2) whom the removing defendant(s) actually knew or should have known had been served.[21] However, *Milstead* has been sharply called into doubt in light of the FCJVA, enacted in 2011, which codified the last-served defendant rule and displaced the first-served defendant rule this Circuit had traditionally applied.[22]

---

[16] [Doc. 9-2].

[17] *See* [Doc. 9-1] (DMB); [Doc. 9-2] (Hines); [Doc. 15-4] (RCI); *see also* 28 U.S.C. § 1446(b)(2)(B).

[18] *Getty Oil*, 841 F.2d at 1262 n.11.

[19] *See Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 572–73 (W.D. Tex. 1992).

[20] [Doc. 15] at 5–8.

[21] *Milstead Supply*, 797 F. Supp. at 573.

[22] *E.g., Wawrzycki v. Bales*, No. CV 20-370, 2020 WL 1527914, at *4 (E.D. La. Mar. 31, 2020); *accord Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17-5568, 2017 WL 4423409, at *5

Under the amended removal statute, the deadline for removal — and consenting to removal — is individual to each defendant.[23] A non-removing defendant has thirty days after *that non-removing defendant* was served to consent,[24] thus alleviating the concerns raised by the court in *Milstead* that a defendant served on the cusp of the first-served defendant's thirty-day period, where service on the non-removing defendant is unknown to the removing defendant, cannot reasonably be expected to timely consent.[25]

The Court declines to adopt the rule in *Milstead* and instead holds that all properly served defendants — regardless of whether service was known to the removing defendant and absent exceptional circumstances — must consent in writing to removal within thirty days of service of the state court pleading and summons. While it may be impractical for the removing defendant to ascertain the status of service as to all other defendants and obtain consent before removing, there are no practical or equitable concerns with requiring those non-removing defendants to timely consent to removal once in federal court.

---

(N.D. Ill. Oct. 4, 2017); *Lewis v. HSBC Bank USA, N.A.*, No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *4 (D. Haw. Aug. 25, 2017), *report and recommendation adopted*, No. CV 17-00234 DKW-KSC, 2017 WL 4019416 (D. Haw. Sept. 12, 2017) ("[T]the rationale behind the *Milstead* court's decision [is] now inapplicable" after the 2011 amendments to the removal statute.); *see also Williams v. Robinson*, No. 1:06-CV-00558-ODE, 2006 WL 8433748, at *3 (N.D. Ga. May 31, 2006) (declining to follow *Milstead* because the 11th Circuit never adopted that first-served defendant rule, making *Milstead* inapplicable).

[23] *See* 28 U.S.C. § 1446(b)(2)(B).

[24] *See id.*

[25] *Milstead*, 797 F. Supp. at 572.

*III.*

DMB and RCI were served before removal and were required to timely consent to that removal. DMB's deadline to consent was October 13, 2022 (30 days after the September 13 service), and RCI's deadline was October 19, 2022 (30 days after the September 19 service).[26] DMB and RCI did not do so, despite filing a motion to dismiss under Rule 12(b)(6) on October 17, 2022.[27]

Even had Harris County raised an "exceptional circumstance" argument to the unanimity requirement,[28] DMB and RCI were clearly involved in the federal case within 30 days of service in state court,[29] and there is no justification for Harris County's failure to obtain their written consent for removal by the deadlines.[30] Thus, even if Hines had not been served at the time of removal and was not required to consent to removal,[31] removal was procedurally defective due to DMB and RCI's failure to consent.

---

[26] *See* [Doc. 9-1] (DMB); [Doc. 15-4] (RCI); *see also* 28 U.S.C. § 1446(b)(2)(B).

[27] *See* [Doc. 8].

[28] *See generally* [Doc. 15].

[29] *See* {Doc. 5] (stipulation filed by DMB and RCI on October 11, 2022 requesting extension of deadline to file responsive pleading).

[30] *See Watson v. Watson*, No. 4:13CV137, 2013 WL 5230651, at *6–7 (E.D. Tex. Sept. 17, 2013) (recognizing that the Fifth Circuit has not addressed *Milstead*, so instead analyzing whether the removing defendant "has established exceptional reasons to excuse the failure to obtain consent from all served Defendants" under the Circuit's exceptional circumstances exception to section 1446's "strict requirements").

[31] Hines was served on September 20, 2022, the same date that Harris County filed its notice of removal. *Compare* [Doc. 9-2], *with* [Doc. 1]. It is unclear from the record which occurred first. If Hines had not been served at the time of removal, he was not required to consent to removal. *See Jones*, 979 F.2d at 1007; *Getty Oil*, 841 F.2d at 1262 n.11.

Because removal was procedurally defective, the case must be remanded to the 55th Judicial District Court in Harris County, Texas.[32]

Signed on November 17, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[32] While the Court need not reach the issue of whether removal was jurisdictionally proper based on federal question jurisdiction, this issue would, no doubt, be resolved in favor of Harris County. Deary asserted constitutional civil rights violations (thus conferring original jurisdiction to this Court), and all state-court claims are so related to civil rights claims that they form part of the same case or controversy, giving rise to supplemental jurisdiction. *See* [Doc. 1-1] at 14–16; *see also* 28 U.S.C. §1441(a) (removal jurisdiction); *id.* § 1331 (original jurisdiction); *id.* § 1367 (supplemental jurisdiction). But due to RCI and DMB's failure to consent, the otherwise proper removal must be undone.